UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIGHT ONE INVESTMENTS, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br><br>  v.<br><br>JOHN W. GILLINGHAM; RANDALL GILLINGHAM; MR. MAGOO COFFEE, LLC, and ALENA STEPHENSON,<br><br>              Defendants.<br><br>RANDALL GILLINGHAM,<br><br>           Third-Party Plaintiff,<br><br>  v.<br><br>BRANDON FENTON,<br><br>           Third-Party Defendant. | NO. 2:20-CV-0393-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

| | |
|---|---|
| | JOHN W. GILLINGHAM, |
| |         Third-Party Plaintiff, |
| |     v. |
| | BRANDON FENTON, |
| |         Third-Party Defendant. |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 29). This matter was submitted for consideration with telephonic oral argument on March 18, 2022. Robert F. Greer appeared on behalf of Plaintiff. Mishal Nasir appeared on behalf of Defendants. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) is DENIED.

## BACKGROUND

This matter concerns Defendants'[1] alleged ineffective termination of a lease agreement and subsequent improper use of Plaintiff's business assets, including

---

[1] The parties represent the claims against Defendant John W. Gillingham have been settled and that John Gillingham will be dismissed as a defendant in this action. Plaintiff does not presently seek summary judgment for the claims asserted against Defendant Alena Stephenson. Thus, the Court's use of "Defendants" for

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

equipment and intellectual property. The following facts are not in dispute, except where noted. For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2).

Plaintiff Bright One Investments, LLC was formed in August 2015 by Brandon Fenton and Alena Stephenson for the purpose of operating a coffee and espresso business located at 10427 W. Aero Road in Spokane, Washington. ECF No. 32 at 3, ¶¶ 4, 6. Mr. Fenton and Ms. Stephenson were the only member-managers and governors listed on Plaintiff's Operating Agreement. *Id*. at ¶ 6. Also in August 2015, Plaintiff entered into a Lease Agreement with Defendants Randall Gillingham and John W. Gillingham.[2] *Id*. at 2, ¶ 1. Plaintiff was listed as the "Tenant" and Defendants Randall and John Gillingham were listed as the

---

the purposes of this Order refers only to Randall Gillingham and Mr. Magoo Coffee, LLC, collectively.

[2]   The parties' briefing refers to a "John" and a "Jack" Gillingham. The Court understands the names to be used interchangeably to refer to Defendant John W. Gillingham.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

"Landlord." ECF No. 31-1 at 2. Mr. Fenton and Ms. Stephenson signed the Lease Agreement in their managerial capacities on behalf of Plaintiff. *Id*. at 23.

The Lease Agreement was for a term of three years, beginning September 1, 2015, and expiring August 31, 2018. *Id*. at 2. The Lease Agreement did not contain an option to extend or renew the lease. *Id*. According to the terms of the Agreement, if a tenant remained on the leased premises after the expiration of the Agreement, the tenancy converted to a month-to-month holdover tenancy. *Id*. at 17–18. The holdover tenancy was terminable according to applicable Washington law. *Id*. at 18.

Plaintiff began operating its coffee and espresso business at the Aero Road location in September 2015. ECF No. 32 at 4, ¶ 12. The business operated under the name Elixir Espresso. *Id*. at 5, ¶ 21. Plaintiff sold three specialty drinks at its coffee stand: the Elixir, Cure All Mocha, and Golden Potion Chai. *Id*. at 6, ¶ 24. Mr. Fenton and Ms. Stephenson came up with the names of the signature drinks and the name of the coffee stand. ECF No. 43-1 at 6, ¶ 25.

On September 30, 2018, Defendant Randall Gillingham hand-delivered a Notice of Nonrenewal of Lease to Ms. Stephenson. ECF No. 40 at 5, ¶ 15. Ms. Stephenson did not inform Mr. Fenton of the Notice, nor did Mr. Fenton receive a separate copy of the Notice from Defendants. ECF No. 32 at 5, ¶¶ 16–17. The Notice indicated the lease expired on September 30, 2018, and that Defendants

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

would be taking over management of the premises on November 1, 2018. ECF No. 31-2. Ms. Stephenson accepted and signed the Notice. *Id*. The parties dispute whether the Notice effectively terminated the lease.

In November 2018, Defendant Mr. Magoo Coffee, LLC began operating a coffee and espresso business at the Aero Road location in the space formally occupied by Plaintiff. ECF No. 32 at 7–8, ¶¶ 33-34. Mr. Magoo Coffee used Plaintiff's equipment and supplies that remained on site after the termination of the lease. *Id*. Mr. Magoo Coffee also continued to use the names of Plaintiff's signature drinks. *Id*. at 7, ¶ 28. The parties dispute whether Defendants had permission to use the equipment and drink names. According to Defendants, Ms. Stephenson suggested and authorized the use of the equipment and names. ECF No. 40 at 8, ¶ 31. Plaintiff argues Ms. Stephenson never represented to Mr. Fenton that she granted Defendants' permission to use the equipment and names, nor did she have the authority to grant such permission. ECF No. 32 at 7, ¶ 31.

Plaintiff filed the operable Amended Complaint on November 6, 2020. ECF No. 3. In the present motion, Plaintiff seeks partial summary judgment on its claims against Defendants Randall Gillingham and Mr. Magoo Coffee, LLC for wrongful eviction, breach of the covenant of quiet enjoyment, violation of the Lanham Act, conversion, and violation of Washington's Consumer Protection Act. ECF No. 29.

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 because this dispute concerns the parties' rights under the Lanham Act, 15 U.S.C. § 1051 *et seq*. Supplemental jurisdiction over the state law claims is vested in this Court under 28 U.S.C. § 1367. The parties agree they are subject to the Court's jurisdiction and that venue in this District is proper.

# DISCUSSION

## I. Legal Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**A.  Wrongful Eviction, Breach of Covenant of Quiet Enjoyment**

Plaintiff seeks summary judgment on its claims for wrongful eviction and breach of the covenant of quiet enjoyment. ECF No. 29 at 5–8. Defendants contend Plaintiff's lease was properly terminated, and thus, Defendants cannot be liable for wrongful eviction or breach of the covenant of quiet enjoyment. ECF Nos. 33 at 6–8; 38 at 7–8.

The central issue to these claims is whether Ms. Stephenson could accept the Notice of Termination on behalf of Plaintiff, thereby effectively terminating the Lease Agreement. Lease interpretation is a question of law, with the primary goal of ascertaining the parties' intent. *Bellevue Square, LLC v. Whole Foods Market Pacific Northwest, Inc.*, 6 Wash. App. 2d 709, 716 (2018). Intent is determined by

1  "focusing on the objective manifestation of the parties in the written contract." *Id*.

2  Words are given their "ordinary, usual, and popular meaning unless the agreement

3  as a whole clearly demonstrates a contrary intent." *Id*.

4      Looking to the terms of the Lease Agreement, there is no indication the

5  parties intended to limit Ms. Stephenson's authority as member-manager of Bright

6  One Investments, or that they intended Mr. Fenton to be the primary contact for

7  any business communications between the parties. Both Mr. Fenton and Ms.

8  Stephenson signed the Lease Agreement on behalf of Bright One Investments, and

9  both signed as "manager." ECF No. 31-1 at 23. Moreover, there are no provisions

10  in Plaintiff's governing documents that indicate Mr. Fenton was the individual to

11  be notified regarding business decisions, or that Ms. Stephenson lacked authority

12  to accept communications on behalf of Plaintiff. ECF Nos. 33 at 4; 38 at 11. Mr.

13  Fenton contends he communicated to Defendants that he was the individual to be

14  notified of any lease issues. ECF No. 32 at 4, ¶¶ 10–11. Beyond Mr. Fenton's

15  own testimony, Plaintiff does not offer any evidence of the communication.

16  Neither John nor Randall Gillingham recall being told Mr. Fenton was the

17  individual responsible for decision-making on behalf of Bright One Investments.

18  ECF Nos. 36 at 3, ¶¶ 7, 10; 40 at 3, ¶¶ 7, 10.

19      Based on the current evidence, a reasonable trier of fact could find

20  Defendants were justified in believing Ms. Stephenson, as a member-manager of

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

1  Bright One Investments, LLC and signatory to the Lease Agreement, had the

2  authority to accept the Termination Notice on behalf of Plaintiff.  Consequently,

3  there is a genuine dispute of material fact as to whether Ms. Stephenson's

4  acceptance of the Notice on September 30, 2018 terminated the lease.  The Court is

5  unable to determine Defendants' liability for wrongful eviction or breach of the

6  covenant of quiet enjoyment based on the present record.  Therefore, summary

7  judgment for those claims is not appropriate at this time.

**B.  Trademark Infringement**

9  Plaintiff moves for summary judgment on its claim that Defendants

10  infringed upon Plaintiff's trademarks.  ECF No. 29 at 9.  Defendants contend that

11  use of the marks was authorized by Ms. Stephenson in her capacity as member-

12  manager of Bright One Investments, LLC.  ECF No. 38 at 12.

13  The Lanham Act prohibits the use of trademarks without consent of the

14  trademark holder if the use is likely to cause confusion about the source of a

15  product.  15 U.S.C. § 1114.  Although Plaintiff alleges a likelihood of confusion

16  regarding Defendants' use of the marks at issue, the central dispute of this claim is

17  whether Defendants had authorization to use the marks.

18  The marks at issue are "The Elixir," "The Cure All Mocha," and the

19  "Golden Potion Chai," which were the names of three signature drinks sold by

20  Plaintiff.  ECF No. 32 at 6, ¶ 24.  The parties do not dispute that Defendants

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

currently use the signature drink names. ECF No. 40 at 7, ¶ 28. Plaintiff contends the marks are being used impermissibly. ECF No. 32 at 9, ¶ 41. Defendants assert Ms. Stephenson recommended and granted permission to use Plaintiff's marks. ECF No. 40 at 7–8, ¶¶ 28–29. Ms. Stepheson stated in her deposition that she told Randall Gillingham that she did not mind him "using the Elixir name." ECF No. 34-2 at 11. Plaintiff argues Ms. Stephenson lacked the authority to grant permission to use the marks under the terms of Plaintiff's Operating Agreement and a Washington statute, which both require unanimous consent of all LLC members for any transaction involving all, or substantially all, of an LLC's assets. ECF No. 43 at 3–4. However, there is no evidence that the marks represent all, or substantially all, of Plaintiff's assets. Moreover, there is no indication in Plaintiff's governing documents that Ms. Stephenson's authority as a member-manager of the LLC was limited in any manner. Absent an explicit limitation, member-managers of an LLC have authority to transact business on behalf of the LLC. *See* RCW 25.15.151(2).

Because there is a genuine dispute of material fact as to whether Defendants had permission to use Plaintiff's marks, Plaintiff is not entitled to summary judgment at this time.

### C. Conversion

Plaintiff seeks summary judgment on its claim that Defendants converted

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

1  Plaintiff's business equipment and assets when Defendants took over operations at
2  the Aero Road location.  ECF No. 29 at 15.  Defendants assert the use of the
3  equipment was permissive.  ECF No. 38 at 17.

4  Conversion is the "(1) willful interference with chattel belonging to the
5  plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the
6  owner of possession."  *Burton v. City of Spokane*, 16 Wash. App. 2d 769, 773
7  (2021); *Potter v. Washington State Patrol*, 165 Wash. 2d 67, 78 (2008).  Wrongful
8  intent is not an element for conversion, and good faith is not a defense, but a
9  plaintiff must "prove some affirmative wrongful act by the defendant, either an
10 actual conversion by the defendant or a demand for, and a refusal of, the property
11 where this is relied on to establish the conversion."  *Id.; Schneider National
12 Carriers, Inc. v. Fireworks Northwest,* LLC, 2107 WL 1438035, *2 (W.D. Wash.
13 2017).  A demand for the return of property may be necessary to establish willful
14 interference, but a demand is unnecessary where the property was obtained
15 unlawfully.  *Judkins v. Sadler-MacNeil*, 61 Wn. 2d 1, 4 (1962); *Dunn v. Bremerton
16 Pilots Association*, 11 Wash. App. 2d 1012 (2019).

17 Here, it is undisputed that Plaintiff has legal title and a possessory interest in
18 the equipment at issue.  *See* ECF No. 31-1 at 2.  It is also undisputed that
19 Defendants began using the equipment in November 2018 at the Aero Road
20 location.  ECF No. 40 at 9, ¶ 34.  The parties dispute whether Defendants had

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 11

1  permission to use the equipment.  Defendants assert Ms. Stephenson authorized the
2  use of the equipment, and that Defendants reasonably relied on her authority as a
3  member-manager and governor of Bright One Investments, LLC to grant the
4  permission.  ECF No. 38 at 17.  Additionally, Defendants argue the equipment was
5  not actually converted because Mr. Fenton never made a demand for the return of
6  the equipment.  *Id*.  Plaintiff argues Ms. Stephenson lacked the authority under
7  Washington law and the Operating Agreement to transfer all or substantially all of
8  Bright One Investment's equipment.  ECF No. 43 at 3.

9        The Washington statute cited by Plaintiff requires the approval or consent of
10  all LLC members to "[s]ell, lease, exchange, or otherwise dispose of all, or
11  substantially all, of the limited liability company's property, other than in the
12  ordinary course of the limited liability company's activities or activities of the kind
13  carried on by the limited liability company."  RCW 25.15.121(2)(l).  The precise
14  nature of the understanding between Ms. Stephenson and Defendants regarding the
15  use of Plaintiff's equipment is unclear.  It does not appear that Ms. Stephenson
16  sold, leased, or exchanged the equipment.  When asked at her deposition if she had
17  discussed the equipment use with Randall or John Gillingham, Ms. Stephenson
18  denied ever discussing the issue and indicated the equipment "was just already
19  there, so it continued to get used."  ECF No. 31-5 at 13.  When asked whether Mr.
20  Fenton had authorized or consented to selling or giving the equipment to

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 12

1  Defendants, Ms. Stephenson answered in the negative. *Id*. at 14. However, Ms.
2  Stephenson never indicated the equipment had actually been given to Defendants;
3  she merely acknowledged they continued to use the equipment because it remained
4  on site. Additionally, Mr. Fenton admitted he never objected to the continued use
5  of the equipment or demanded its return. ECF No. 42-1 at 19.
6  　　Consequently, it is not clear from the facts that Defendants actually
7  converted Plaintiff's equipment or that Ms. Stephenson relinquished ownership of
8  the equipment in violation of Washington law. Because there are issues of
9  material fact regarding Defendants' use of the equipment, the Court is unable to
10 grant summary judgment on the issue of conversion.
11 　　**D.  Washington Consumer Protection Act**
12 　　Plaintiff seeks summary judgment on its claim for violation of the
13 Washington Consumer Protection Act ("CPA"). Plaintiff's claim is premised
14 entirely on Defendants' alleged infringement of Plaintiff's trademarks. ECF No.
15 29 at 15–16.
16 　　To establish a cause of action under the CPA, a plaintiff must establish (1)
17 an unfair or deceptive act or practice, (2) in the conduct of trade of commerce, (3)
18 which impacts the public interest, (4) injury to the plaintiff's business or property,
19 and (5) a causal link between the unfair or deceptive act and the injury suffered.
20 *Mason v. Mortgage America, Inc*., 114 Wash. 2d 842, 852 (1990). Here, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

argues the establishment of a Lanham Act violation is sufficient to establish a violation of the CPA.  While that may be true, Plaintiff has not established a violation of the Lanham Act.  Plaintiff does not advance any additional arguments to support its claim of a CPA violation.  Because the parties dispute the material facts underlying the Lanham Act violation, the Court is unable to grant summary judgment on Plaintiff's CPA claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (ECF No. 29) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 21, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14